UNITED STATES BANKRUPTCY COURT      3:05-bk-36699
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

In re:      Mark O. Fields, Sr.               Case No.
            Dana Fields                       (Chapter 13)

            Debtor(s)

**APPLICATION FOR ALLOWANCE OF FEE AND STATEMENT PURSUANT TO §329 OF THE CODE AND RULE 2016(b)**

Application is hereby made for an allowance of a reasonable attorney fee for services rendered or to be rendered in this case and to be paid from the monies paid in by or for the debtor(s) under the provisions of the plan.

The compensation paid or promised or property transferred or promised to the undersigned as compensation for services rendered or to be rendered in connection with this case, other than that to be allowed by the Court and paid by the trustee, is indicated in the Statement of Financial Affairs filed herein.

Except as may be specially noted hereon, no understanding or agreement exists for a division of fees or compensation between the undersigned and any other person or entity, except any agreement I may have for the sharing of compensation with a member or members or regular associate of my law firm.

For legal services, I have agreed to accept                              $1,500.00

Prior to the filing I have received (not including filing fees)            $200.00

Balance Due                                                              $1,300.00


Other information supporting Application (When appropriate):


/s/ Lester R. Thompson               Dated _____
Attorney for Debtor
Name: Lester R. Thompson
Address: 1340 Woodman Dr.
City/State/Zip: Dayton, OH 45432
Telephone: (513) 252-2030
Ohio Bar Number: #0014841
Form 18.5(a) REV 01-96)

- 1 -

**UNITED STATE BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

Debtor(s) Name:   Mark O. Fields, Sr.                                              Case No. _____
                  Dana Fields

**CHAPTER 13 PLAN**

1. **Plan Payment and Length**:  The debtor shall pay to the Trustee the sum of **$1,837.00** each month for approximately **60 months**, but not to exceed 5 years.

   Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and the plan will not terminate in any event earlier than the payment of **1 percent** to each allowed pre-petition unsecured claim.  This provision does not prohibit the debtor from pre-paying the plan before 36 months.

2. **Effective date of plan and Modification of Plan**:  The effective date of the plan shall be the date of the first confirmation of a plan.

3. **Filing of Proof of Claim, Allowance and Payment of Claims**:
   (a) Administrative expenses:  Independent appraisals of real estate, as requested by the debtor herein shall be paid as an administrative expense pursuant to 11 U.S.C. Section 503 upon the timely filing of a proof of claim, and utility deposits shall be paid as an administrative expense pursuant to the Trustee's local practice and prior court orders.

4. **Classification of Claims and Sequence of Payments**:  Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court as follows:

   **Class 1**:     Scheduled claims for which the plan designates specific monthly payments
   (a) Regular mortgage payments secured by real estate should be calculated for payment after confirmation starting from the month following the month of the filing of the petition.  All other Class 1 payments should be calculated for payment by the Trustee beginning with the month of confirmation, if the Class 1 claim has been filed, otherwise from the month of the filing of the claim.
      (i) **Post-petition changes in real estate mortgage payments**:  If the Trustee is to disburse mortgage payments on real estate, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the plan; and the plan will be deemed to thereby have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim.
   (b) If sufficient funds are not available to make a full monthly payment on all the Class 1 claims, the available funds should be distributed to the Class 1 creditors on a prorata basis based on the unpaid specific monthly payments due through that month's distribution.

   **Class 2**: Secured claims for which the plan does not provide specific monthly payments; and, any scheduled claim designated for inclusion in this class.  Paid only after Class 1 claims are paid current.

   **Class 3**: Claims scheduled for inclusion in this class.  Paid only after Class 2 claims are paid in full.

   **Class 4**: Reserved

    **Class 5**: All other pre-petition claims, including unsecured claims, and not otherwise part of another class, and the undersecured portion of secured claims.  Distributions on the claims in this Class 5 shall be
(a) paid after Class 2 through 4 claims are paid in full and after Class 1 claims are paid current.

    **Class 6**: Post-petition claims, allowed pursuant to **11 U.S.C. §1305**.  Paid only after Class 5 claims are paid.

    **Class 7**: Scheduled claims which are to be paid by a non-debtor and are not to be paid by the plan or the debtor.

    **Class 8**: Scheduled claims, which are not to be paid by the plan or the debtor.

    **Class 9**: Scheduled claims on which the payments are to be disbursed by the debtor.

5. **Secured Claims (Valuation of Collateral, Interest Rates, Lien Retention and Release, and Surrender of Property)**
   (a) With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of the claim, or the debtor proposes to surrender the property securing the claim to such holder, the holder of each allowed secured claim shall retain the lien securing such claim until the secured claim is paid, and shall be paid an amount that is not less than the allowed amount of such secured claim, plus interest at the rate hereinafter set forth on the unpaid balance of the allowed secured claim.
   (b) The allowed amount of a secured claim shall be the lesser of the value of the property securing the claim or the mount of the allowed claim as of the date of the filing of the petition.  The value of the personal property securing the claim shall be the value as scheduled by the debtor, unless otherwise ordered.
   (c) The holder of an allowed secured claim shall release the lien securing the claim after the allowed secured claim is paid.

6. **Priority Claims:**
   (a) **Prepetition Claims:**  Allowed prepetition claims entitled to priority under 11 U.S.C. Section 507 shall be paid in full in deferred cash payments.
   (b) **Prepetition Governmental Claims:**  When any governmental unit has one or more prepetition 11 U.S.C. § 507(a)(8) claim(s) the payments made by the trustee on the claim(s) shall be on a prorate basis and shall be applied to the claim(s) of the governmental unit as designated on the trustee's disbursement records.
   (c) **Postpetition Claim of a Spouse, Former Spouse or Child** – The debtor shall make the disbursements on any post-petition priority 11 U.S.C. § 507(a)(7) debt which was subject to a prepetition state court order for the payment of the future alimony, maintenance or support to a spouse, former spouse or child of the debtor.
   (d) **Prepetition Debt to Spouse, Former Spouse or Child** – Any prepetition 11 U.S.C. § 507(a)(7) claim for a debt for the payment of alimony, maintenance or support to a spouse, former spouse or child of the debtor which was subject to a prepetition state court order shalL be paid pursuant to such order and not paid by the trustee.

7. **Unsecured Claims:** Unsecured claims shall be paid in a manner that provides the same treatment for each claim within a particular class.

8. **Interest**:
   (a)  The interest rate to be paid on allowed secured claims, including prepetition real estate mortgage arrearages, shall be based on the average yield to maturity rate for Treasury notes with a maturity of 36 months from the date nearest to the approximate date of confirmation of the plan plus a three (3%) percent premium.  The rate will be determined as shown in the *Wall Street Journal* for Treasury Bonds, Notes and Bills.  The actual amount of interest paid will be calculated by the trustee in the trustee's reasonable and customary administration procedures.
   (b)  If any interest rate provided herein to be paid on a acclaim is greater than the underlying contract rate of interest, then the contract rate of interest shall be paid on the allowed claim.
   (c)  Except as provided by subparagraph (d), interest shall not commence on any claim until the later of the allowance of the claim or the effective date of the plan.
   (d)  No Interest shall be paid on any unsecured claim unless specifically provided for by the plan.

     (e)  No Interest shall be paid on any prepetition mortgage arrearage as part of the cure of the default if the mortgage was entered into after October 22, 1994.

9. **Vesting of Property in Debtor:** All property of the estate shall not vest back to the debtor after confirmation, but shall remain property of the estate until the case is dismissed, discharged or converted.

10. **Sale of Real Estate:**  Any scheduled real estate may be sold during the life of the plan if there would be sufficient proceeds to pay in full all mortgages and liens encumbering the     property.  Any sale shall be subject to approval of the Court, and will be free and clear of liens with the liens of any mortgagees and lien creditors attaching to the proceeds of sale.  Mortgages and liens shall be canceled of record upon payment of the mortgages and liens.  If the real estate sold is the debtor's residence a portion of the sale proceeds may be paid to the debtor for relocation expenses.

11. **Real Estate Taxes:** Allowed real estate tax claims to be disbursed by the trustee will be only those real estate taxes due and payable, without penalty, as of the date of the filing of the petition.  Real estate taxes payable after the date of the filing of the petition will be disbursed by the debtor.

12. **Casualty Loss Insurance Proceeds (Substitution of Collateral):** If a motor vehicle is substantially damaged while there is still an unpaid secured claim which is secured by the vehicle, the debtor shall have the option of using the proceeds of any insurance payable due to loss of the vehicle to either repair the vehicle, pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or to substitute collateral by purchasing a replacement vehicle.  If a replacement vehicle is purchased the vehicle will have a value not less than the balance of the unpaid secured claim and the lien of the creditor will be transferred to the replacement vehicle and the trustee will continue to pay the allowed secured claim. Any substitution of collateral must be approved by the court and comply with the service and notice requirements of L.B.R. 9013.2.

13. **Designation and Payment of Special Classified Class of Unsecured Claim:** If any unsecured consumer debt is proposed to be paid in whole or in part after the completion of payment of all other unsecured claims, such payment shall not commence until after the payment of the confirmed percent of the general unsecured claims or the completion of 36 months of plan payments, whichever is greater.

14. **Trustee Discretion on Distributions-** Although it is the intention of the debtor that the trustee disbursements on Class 1 claims are to be paid on a prorata basis from the funds available for said class based on the ratio that each individual allowed creditor's specific monthly payment bears to the sum of the total specific monthly payments of all allowed Class 1 claims; and that each allowed claim within all other classes are to be paid on a prorata basis from the funds available for that class based on the ratio that the amount of each allowed claim within that class bears to the sum of all the allowed claims within that class, nevertheless the trustee is authorized within his discretion to calculate the amount and timing of distributions as is administratively efficient.

15. **Personal injury claims, workers compensation claims, social security claims and miscellaneous claims of the debtor-** The debtor shall keep the trustee informed as to any change in status of any claim for personal injury, workers compensation, social security or any other claim to which debtor may be entitled.  Before the claim can be settled and distributed, the debtor must comply with all requirements for filing applications and motions for settlement with the court as required by the Bankruptcy Code and Local Rules.  These funds shall be treated as additional plan payments or as the court so otherwise orders.  The debtor's case will not complete until the claim has been settled and shall remain open for administration purposes until the claim has been paid into the plan or the court so otherwise orders.

16. **Special Plan Provision**, including the rejection or assumption of LEASES AND EXECUTORY CONTRACTS and their treatment:

17. **SPECIAL PROVISIONS FOR SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS**

The secured claims of all Schedule D Creditors shall be Class 2 claims, except for real estate mortgages and arrearages contained on the Real Estate Plan, and except as otherwise provided below. Any surrender of any secured collateral shall be listed below.

| Creditor Name | Asset | Class |
| --- | --- | --- |

**SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS**

Unless otherwise provided the claims of all Schedule E Creditors shall be paid in full as Class 3 claims. Set for the below any special provision for treatment of taxes or child support.

| Creditor Name | Class |
| --- | --- |

**SCHEDULE F – CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS**

Unless otherwise provided the claims of all Schedule F Creditors shall be paid as general unsecured claims and as Class 5 claims. Set forth below any special provision for Student loans, co-signed debts, etc.

| Creditors Name | Basis of Debt | Class | Other Provisions |
| --- | --- | --- | --- |

**SPECIAL PLAN PROVISION**

The debts to Sallie Mae Servicing are non-dischargeable debts because they are guaranteed Student Loans as defined in 11 USC 523 (a)(8). The non-dischargeable balance due on said debt or debts after the receipt of the plan disbursements shall be paid by the debtor after the completion of the plan. Whatever distribution is received by the Student Loan under the plan shall be considered sufficient to maintain the Student Loan in a default-free status and no collection fees shall be added to the debt while the Debtor is protected by the automatic stay of execution. If the student loan is in default at the time of the filing of the Chapter 13, the payments made by the Trustee during the Chapter 13 shall be considered sufficient to cure said default and said collection fees shall be discharged upon the completion of the Chapter 13. If the Student Loan creditor fails to file a proof of claim in the Chapter 13, they shall receive nothing in the Chapter 13. However, no default collection charge may be assessed while the automatic stay of execution is in effect and any default collection charges will still be considered cured upon the completion of the plan.

After the plan is completed, the Debtor must pay the balance due on the Student Loan and the Student Loan creditor must consider the loan current. The Student Loan creditor must then give the Debtor a written notice to commence payments on the Student Loan. If the debtor commences payments on the Student Loan within 30 days after being notified by the Student Loan creditor, then no default charges may be assessed unless the Debtor thereafter fails to abide by the Student Loan debt repayment rules and regulations.

Interest will accrue on the Student Loan debt at the appropriate rate during the Chapter 13 Plan.

18. **PLAN FOR REAL ESTATE** (Use separate schedule for each parcel of real estate)

                                              Parcel No. 1

**Description and Location of Property:**     3413 Piedmont Avenue, Dayton, OH 45416

Trustee Arrange for Appraisal: Yes           Original Purchase Price $148,000.00

Telephone number of debtor(s) (937) 274-1579     Personal Residence: Yes

---

Lien Holder #1     Washington Mutual

        Monthly Payment             $1,334.65

        Months in Default            2

        Total Arrearage              $2,758.92
        (Including Month Petition filed)

Year of Financing          2002

PLAN:   Mortgage Payments to be disbursed by **TRUSTEE**

Arrearage to be paid as Class 2 Creditor.

Other Remarks:          n/a

---

Lien Holder #2     n/a

        Monthly Payment             n/a

        Months in Default            n/a

        Total Arrearage              n/a
        (Including month petition filed)

Year of Financing          _____

PLAN:   Mortgage Payments to be disbursed by **N/A**

Arrearage to be paid as Class 2 Creditor.

Other Remarks:          n/a

---

19. **Signature(s) of Debtor(s)**     (JOINT)

I declare under penalty of perjury that the information provided in this plan is true and correct.

/s/ Mark O. Fields, Sr.                                           /s/ Dana Fields
Mark O. Fields, Sr.             Date                   Dana Fields                   Date

**UNITED STATE BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

In Re:    Mark O. Fields, Sr.                                    Case Number_____
          Dana Fields                                            (Chapter 13)
                        Debtor(s)

---

**DEBTOR'S PROPOSED METHOD OF PLAN PAYMENT**

---

The Debtor(s) acknowledge they have been informed that the Rules adopted by the Court require Plan payments to be made by Wage Deduction unless otherwise authorized by the Trustee or Order by the Court.

**The Debtor(s) acknowledge they are required to pay the first Plan payment at the time of the first meeting of creditors, and to continue to pay the proposed Plan payments until otherwise Ordered by the Court or notified in writing by the Trustee.**

_____ (Check if appropriate) The Debtor(s) consent for the Trustee to commence wage deductions before the Plan is confirmed. It is understood by the Debtor(s) that the wage deductions will not commence before the time of the first meeting of creditors, and that for any pay period when the Plan payments are not deducted from the Debtor's (s') wages that the Debtor(s) shall pay the payment to the Trustee by check or money order.

$_____ or  100  % of the Plan payment is to be deducted from the male Debtor's wages.

$_____ or _____% of the Plan payment is to be deducted from the female Debtor's wages.

_____ (Check if appropriate) The Debtor(s) propose the Plan payment be made other than be wage deduction. The Debtor(s) understand that this proposal may require a personal appearance before the Court for the Debtor(s) to show cause why a wage deduction is not appropriate or available, and that the proposed method of Plan payment is justified. **Payroll Deduction.**

(State with specificity the proposed form of Plan payment and the grounds for the non-wage form of Plan payment.)


/s/ Mark O. Fields, Sr.                          /s/ Dana Fields
Mark O. Fields, Sr.                              Dana Fields

(Form 18.1(a) Rev 01/96)

- 8 -

**CHAPTER 13 OFFICE**
**JEFFREY M. KELLNER**
**CHAPTER 13 TRUSTEE**
**131 North Ludlow Street**
**Suite 900**
**Dayton, OH 45402-1161**
**TELEPHONE (937)222-7600**
**FAX: (937)222-7383**

```
IN RE:                                      *         Case No.
                                            *
Mark O. Fields, Sr.                         *         Chapter 13
Dana Fields                                 *         Judge
3413 Piedmont Avenue                        *
Dayton, OH 45416                            *
          Debtor(s)                         *
                                            *
```
**************************************************************************
AUTHORIZATION FOR CHAPTER 13 TRUSTEE TO PAY FOR REAL ESTATE APPRAISAL
**************************************************************************

RE:   3413 Piedmont Avenue, Dayton, OH 45416

    The below signed debtor here by consents that in the event this case is dismissed or converted before confirmation, the Chapter 13 Trustee is authorized to pay from case funds on hand, any appraiser who has filed a claim for real estate appraisal(s) which the debtor has requested be performed.

/s/ Mark O. Fields, Sr.
---
Mark O. Fields, Sr.          Date

/s/ Dana Fields
---
Dana Fields         Date

 

JEFFREY M. KELLNER
Chapter 13 Trustee

By: _____
Clerk, Chapter 13 Office

| PLAN CALCULATIONS | | | | | |
|---|---|---|---|---|---|
| Debtor(s): | Fields | | Date: | 06/06/05 | |
| **SECURED CLAIMS AND MORTGAGE ARREARAGES** | | | | | |
| Creditor | Amount | Int Rate | Months | Payment | Total |
| 5th/3rd | $9,865.00 | 6.00% | 60 | $190.72 | $11,443.09 |
| Mont. Co. Cu | $1,100.00 | 6.00% | 60 | $21.27 | $1,275.96 |
| Washington Mutual | $2,750.00 | 0.00% | 60 | $45.83 | $2,750.00 |
| | $0.00 | 8.00% | 60 | $0.00 | $0.00 |
| | $0.00 | 8.00% | 60 | $0.00 | $0.00 |
| **CHILD SUPPORT** | | | | | |
| Creditor | Amount | | | | Total |
| | $0.00 | | | | $0.00 |
| | $0.00 | | | | $0.00 |
| **TAXES** | | | | | |
| Creditor | Amount | Int Rate | Months | Payment | Total |
| | $0.00 | 0.00% | 60 | $0.00 | $0.00 |
| | $0.00 | 8.00% | 60 | $0.00 | $0.00 |
| | $0.00 | 8.00% | 60 | $0.00 | $0.00 |
| | $0.00 | 8.00% | 60 | $0.00 | $0.00 |
| **SPECIAL CLAIMS TO BE PAID IN FULL** | | | | | |
| Creditor | Amount | Int Rate | Months | Payment | Total |
| | $0.00 | 0.00% | 24 | $0.00 | $0.00 |
| | $0.00 | 8.00% | 60 | $0.00 | $0.00 |
| | $0.00 | 8.00% | 60 | $0.00 | $0.00 |
| **PLAN INFORMATION** | | | | | |
| 1. Total Secured Claims (including interest) | | | | | $15,470.00 |
| 2. Total Child Support (to be paid in full) | | | | | $0.00 |
| 3. Taxes (including interest, if any) | | | | | $0.00 |
| 4. Special Claims To Be Paid in Full (including interest) | | | | | $0.00 |
| 5. Attorney Fee | | | | | $1,300.00 |
| 6. Total Mortgage Payments | | | 60 | $1,334.00 | $80,040.00 |
| 7. Preconfirmation Mortgage Payments | | | 2 | $1,334.00 | $2,668.00 |
| 8. Total Mandatory Items | | | | | $96,810.00 |
| 9. Proposed Payments in Plan | | | 60 | $1,837.00 | $110,220.20 |
| 10. Administration Expense | | | | | $12,246.00 |
| 11. Amount Available for Unsecured Claims | | | | | $1,164.20 |
| 12. Total Unsecured Claims (Ex. "=1+2+3, etc.) | | | | | $67,000.00 |
| 13. Percent Compromise of Unsecured Claims | | | | | 1% |
| 14. Are Number of Months in Items 6 and 9 the Same? | | | | | Yes |